# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA
## HAMMOND DIVISION AT LAFAYETTE

DENISE DIANE KAMPERSAL,     )
     Plaintiff,     )
     )
v.     )     CAUSE NO.: 4:16-CV-78-PRC
     )
NANCY A. BERRYHILL,     )
Acting Commissioner of the     )
Social Security Administration,     )
     Defendant.     )

## OPINION AND ORDER

This matter is before the Court on a Complaint [DE 1], filed by Plaintiff Denise Diane Kampersal on October 5, 2016, and Plaintiff's Brief in Support of Complaint [DE 16], filed by Plaintiff on January 11, 2017. Plaintiff requests that the March 30, 2015 decision of the Administrative Law Judge denying her claim for disability insurance benefits and disabled widow's benefits be reversed and remanded for further proceedings. On April 24, 2017, the Commissioner filed a response, and Plaintiff filed a reply on May 8, 2017. For the following reasons, the Court grants Plaintiff's request for remand.

## PROCEDURAL BACKGROUND

Plaintiff filed her initial applications for a period of disability, disability insurance benefits, and disabled widow's benefits on April 30, 2013, alleging disability beginning February 15, 2013. The claims were denied initially and on reconsideration, and she requested a hearing, which was held before Administrative Law Judge (ALJ) Paul R. Armstrong on March 26, 2015. On March 30, 2015, the ALJ issued an unfavorable decision, making the following findings:

     1.     The claimant meets the insured status requirements of the Social Security Act through March 30, 2017.

2.     It was previously found that the claimant is the unmarried widow of the deceased insured worker and has attained the age of 50. The claimant met the non-disability requirements for disabled widow's benefits set forth in section 202(e) of the Social Security Act.

3.     The prescribed period ends on February 28, 2018.

4.     The claimant has not engaged in substantial gainful activity since February 15, 2013, the alleged onset date.[1]

5.     The claimant has the following severe impairment: degenerative disc disease.

6.     The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1.

7.     After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) where the claimant lifts or carries 20 pounds occasionally and 10 pounds frequently, stands or walks for six of eight hours during the workday, and sits for six of eight hours during the workday.

8.     The claimant is capable of performing past relevant work as a police dispatcher, youth care specialist, and clerk.[2] This work does not require the performance of work-related activities precluded by the claimant's residual functional capacity.

9.     The claimant has not been under a disability, as defined in the Social Security Act, from February 15, 2013, through the date of this decision.

(AR 21-28).

The Appeals Council denied Plaintiff's request for review, leaving the ALJ's decision the final decision of the Commissioner. *See* 20 C.F.R. § 404.981. Plaintiff filed this civil action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) for review of the Agency's decision.

---

[1] Though not noted by the ALJ, Plaintiff amended her alleged onset date to March 30, 2013, by letter dated May 29, 2014. (AR 166-67).

[2] In her response brief, the Commissioner concedes that the youth care specialist and clerk jobs do not qualify as past relevant work.

The parties filed forms of consent to have this case assigned to a United States Magistrate Judge to conduct all further proceedings and to order the entry of a final judgment in this case. Therefore, this Court has jurisdiction to decide this case pursuant to 28 U.S.C. § 636(c) and 42 U.S.C. § 405(g).

## STANDARD OF REVIEW

The Social Security Act authorizes judicial review of the final decision of the agency and indicates that the Commissioner's factual findings must be accepted as conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Thus, a court reviewing the findings of an ALJ will reverse only if the findings are not supported by substantial evidence or if the ALJ has applied an erroneous legal standard. *See Briscoe v. Barnhart*, 425 F.3d 345, 351 (7th Cir. 2005). Substantial evidence consists of "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Schmidt v. Barnhart*, 395 F.3d 737, 744 (7th Cir. 2005) (quoting *Gudgel v. Barnhart*, 345 F.3d 467, 470 (7th Cir. 2003)).

A court reviews the entire administrative record but does not reconsider facts, re-weigh the evidence, resolve conflicts in evidence, or substitute its judgment for that of the ALJ. *See Boiles v. Barnhart*, 395 F.3d 421, 425 (7th Cir. 2005); *Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000); *Butera v. Apfel*, 173 F.3d 1049, 1055 (7th Cir. 1999). Thus, the question upon judicial review of an ALJ's finding that a claimant is not disabled within the meaning of the Social Security Act is not whether the claimant is, in fact, disabled, but whether the ALJ "uses the correct legal standards and the decision is supported by substantial evidence." *Roddy v. Astrue*, 705 F.3d 631, 636 (7th Cir. 2013) (citing *O'Connor-Spinner v. Astrue*, 627 F.3d 614, 618 (7th Cir. 2010); *Prochaska v. Barnhart*, 454 F.3d 731, 734-35 (7th Cir. 2006); *Barnett v. Barnhart*, 381 F.3d 664, 668 (7th Cir.

2004)). "[I]f the Commissioner commits an error of law," the Court may reverse the decision "without regard to the volume of evidence in support of the factual findings." *White v. Apfel*, 167 F.3d 369, 373 (7th Cir. 1999) (citing *Binion v. Chater*, 108 F.3d 780, 782 (7th Cir. 1997)).

At a minimum, an ALJ must articulate his analysis of the evidence in order to allow the reviewing court to trace the path of his reasoning and to be assured that the ALJ considered the important evidence. *See Scott v. Barnhart*, 297 F.3d 589, 595 (7th Cir. 2002); *Diaz v. Chater*, 55 F.3d 300, 307 (7th Cir. 1995); *Green v. Shalala*, 51 F.3d 96, 101 (7th Cir. 1995). An ALJ must "'build an accurate and logical bridge from the evidence to [the] conclusion' so that [a reviewing court] may assess the validity of the agency's final decision and afford [a claimant] meaningful review." *Giles v. Astrue*, 483 F.3d 483, 487 (7th Cir. 2007) (quoting *Scott*, 297 F.3d at 595)); *see also O'Connor-Spinner*, 627 F.3d at 618 ("An ALJ need not specifically address every piece of evidence, but must provide a 'logical bridge' between the evidence and his conclusions."); *Zurawski v. Halter*, 245 F.3d 881, 889 (7th Cir. 2001) ("[T]he ALJ's analysis must provide some glimpse into the reasoning behind [the] decision to deny benefits.").

## DISABILITY STANDARD

To be eligible for disability benefits, a claimant must establish that she suffers from a "disability" as defined by the Social Security Act and regulations. The Act defines "disability" as an inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. § 423(d)(1)(A). To be found disabled, the claimant's impairment must not only prevent her from doing her previous work, but considering her age, education, and work experience, it must also prevent her from

engaging in any other type of substantial gainful activity that exists in significant numbers in the economy. 42 U.S.C. § 423(d)(2)(A); 20 C.F.R. § 404.1520(e)-(f).

When a claimant alleges a disability, Social Security regulations provide a five-step inquiry to evaluate whether the claimant is entitled to benefits. 20 C.F.R. § 404.1520(a)(4). The steps are: (1) Is the claimant engaged in substantial gainful activity? If yes, the claimant is not disabled, and the claim is denied; if no, the inquiry proceeds to step two; (2) Does the claimant have an impairment or combination of impairments that are severe? If no, the claimant is not disabled, and the claim is denied; if yes, the inquiry proceeds to step three; (3) Do(es) the impairment(s) meet or equal a listed impairment in the appendix to the regulations? If yes, the claimant is automatically considered disabled; if no, then the inquiry proceeds to step four; (4) Can the claimant do the claimant's past relevant work? If yes, the claimant is not disabled, and the claim is denied; if no, then the inquiry proceeds to step five; (5) Can the claimant perform other work given the claimant's residual functional capacity (RFC), age, education, and experience? If yes, then the claimant is not disabled, and the claim is denied; if no, the claimant is disabled. 20 C.F.R. § 404.1520(a)(4)(i)-(v); *see also Scheck v. Barnhart*, 357 F.3d 697, 699-700 (7th Cir. 2004).

At steps four and five, the ALJ must consider an assessment of the claimant's RFC. The RFC "is an administrative assessment of what work-related activities an individual can perform despite [her] limitations." *Dixon v. Massanari*, 270 F.3d 1171, 1178 (7th Cir. 2001). The RFC should be based on evidence in the record. *Craft v. Astrue*, 539 F.3d 668, 676 (7th Cir. 2008) (citing 20 C.F.R. § 404.1545(a)(3)). The claimant bears the burden of proving steps one through four, whereas the burden at step five is on the ALJ. *Zurawski*, 245 F.3d at 885-86; *see also Knight v. Chater*, 55 F.3d 309, 313 (7th Cir. 1995).

**ANALYSIS**

Plaintiff seeks reversal and remand for further proceedings. This matter must be remanded because the ALJ impermissibly cherry-picked from the record and mischaracterized evidence. In addition to correcting these errors, the ALJ should inquire on remand into reasons behind treatment choices that are perceived to be conservative, and new regulations on subjective symptoms will apply.

**A. Cherry-Picking and Mischaracterization of Evidence**

ALJs must fairly evaluate the record. "Thus, although the ALJ need not discuss every piece of evidence in the record, the ALJ may not ignore an entire line of evidence that is contrary to the ruling. *Golembiewski v. Barnhart*, 322 F.3d 912, 917 (7th Cir. 2003) (citations omitted) (citing *Dixon*, 270 F.3d at 1176; *Zurawski*, 245 F.3d at 888); *accord Thomas v. Colvin*, 745 F.3d 802, 806 (7th Cir. 2014). Further, an ALJ is not permitted to cherry-pick from the evidence and select only those facts which support his conclusion. *Scrogham v. Colvin*, 765 F.3d 685, 699 (7th Cir. 2014) (holding that the ALJ's "apparent selection of only facts from the record that supported her conclusion, while disregarding facts that undermined it, is an error in analysis that requires reversal"). Here, the ALJ's decision mischaracterizes the evidence and ignores significant evidence that supports Plaintiff's claim of disability.

For example, the ALJ mischaracterized Plaintiff's daily activities. The ALJ cited Plaintiff's function report, in which Plaintiff reported "no problem with personal care." (AR 288). However, the ALJ did not acknowledge that Plaintiff qualified this statement by indicating that it is sometimes painful for her to sit on the toilet and that she has, at times, gone "a couple of days" without grooming due to pain or lack of motivation. (AR 288-89). The ALJ wrote that Plaintiff can clean

vacuum, complete laundry, and wash dishes. Plaintiff, in response to a request to list household chores that she is able to perform, reported that "cleaning house, vacuuming is difficult. Light loads of laundry, dishes." (AR 289). The ALJ wrote that Plaintiff shops, but Plaintiff reported that she shops only very seldomly and only for necessities. (AR 290). Plaintiff reported that she is able to pay bills but sometimes forgets to pay them. (AR 291). The ALJ only included in his decision a statement that Plaintiff is able to pay bills. The ALJ's summary of Plaintiff's abilities mischaracterizes them by removing the limitations on Plaintiff's ability to perform the tasks. Without the ALJ's mischaracterization of Plaintiff's daily activities, the ALJ may have found that Plaintiff's daily activities indicate that her RFC is less than the light work level that he found her capable of. The error is not harmless and requires remand.

Further, the ALJ cherry-picked favorable statements from medical records. The ALJ rejected the postural limitations opined by state physicians Dr. Ruiz and R. Sands because "tests showed that the claimant has normal strength and walks normally." (AR 27 (citing AR 357, 378)). However, the medical records that the ALJ cited also indicate a medical history of persistent lower back pains, difficulty bending her back, and difficulty climbing stairs; the notes from the medical exams report that Plaintiff had some difficulty getting on and off of the examining table, a positive straight leg test, decreased range of motion of the lumbosacral spine, and difficulty squatting; and Plaintiff was assessed as having low back pain, myalgia, and myositis. (AR 356-57). Much of this ignored evidence speaks more directly to Plaintiff's postural abilities than the evidence cited. For example, Plaintiff's abilities to crouch and stoop are better informed by evidence that she had difficulty squatting than by evidence that she could walk normally. The ALJ impermissibly ignored the evidence disfavorable to his decision, and, without this error, the ALJ may have found that Plaintiff

has postural limitations. The Court cannot determine whether the ALJ's decision rests on substantial evidence. *See Golembiewski*, 322 F.3d at 917. Remand is also required on this basis.

As shown above, the ALJ mischaracterized the evidence and cherry-picked from the record. Other examples of mischaracterization and cherry-picking may be present in this case, but, because the instances discussed above warrant remand, the Court need not further analyze the record regarding additional purported errors of mischaracterization and cherry-picking. In addition to correcting the errors noted above, the ALJ is directed on remand to evaluate Plaintiff's social functioning and concentration, persistence, or pace in accordance with the relevant regulations, guidance, and case law and is further directed to consider the effect of Plaintiff's pain on her mental functioning. The ALJ should also address Plaintiff's diagnoses and clinical findings of myalgia and myositis, low back pain with radiculopathy, left elbow pain, possible right elbow lypoma, depression, anxiety disorder, insomnia, and cognitive problems.

### B. Ability to Pay

The parties dispute whether the ALJ drew a negative inference from Plaintiff's level of treatment without asking her for an explanation of why more aggressive treatment was not sought. The ALJ is allowed to consider whether treatment is conservative. *See* 20 C.F.R. § 404.1529(c)(3). However, ALJs are not permitted to draw adverse inferences about treatment *without first* properly assessing the underlying reasons for the course of treatment, such as inability to pay. *Hill v. Colvin*, 807 F.3d 862, 868 (7th Cir. 2015). Further, the ALJ should cite medical evidence regarding what kind of treatment would be appropriate. *Brown v. Barnhart*, 298 F. Supp. 2d 773, 797 (E.D. Wis. 2004) (citing *Dominguese v. Massanari*, 172 F. Supp. 2d 1087, 1096 (E.D. Wis. 2001)).

The ALJ noted in his opinion that "[t]he record is absent hospitalizations for breathing difficulty," (AR 24), "she did not have counseling, therapy, or psychiatry treatment," (AR 25), and that medical opinions "are supported by the conservative mental health treatment in the record," (AR 25). By using treatment perceived to be conservative to support giving weight to the opinions of the state physicians, the ALJ drew a negative inference from Plaintiff's course of treatment without discussing her ability to pay for that treatment or citing medical evidence regarding what kind of treatment would be appropriate if Plaintiff's symptoms are as severe as she alleges. In so doing, the ALJ erred. This error must be fixed on remand.

### C. Credibility Determination

On March 28, 2016, Social Security Ruling 16-3p became effective and issued new guidance regarding the evaluation of a disability claimant's statements about the intensity, persistence, and limiting effects of symptoms. *See* SSR 16-3p, 2016 WL 1237954 (Mar. 28, 2016). Under SSR 16-3p, an ALJ now assesses a claimant's subjective symptoms rather than assessing her "credibility." However, SSR 16-3p is not retroactive; therefore, the "credibility determination" in the ALJ's decision is governed by the standard of SSR 96-7p.

In making a disability determination, the ALJ must consider a claimant's statements about her symptoms, such as pain, and how the symptoms affect her daily life and ability to work. *See* 20 C.F.R. § 404.1529(a). Subjective allegations of disabling symptoms alone cannot support a finding of disability. *Id.* The ALJ must weigh the claimant's subjective complaints, the relevant objective medical evidence, and any other evidence of the following factors:

(1)     The individual's daily activities;
(2)     Location, duration, frequency, and intensity of pain or other symptoms;
(3)     Precipitating and aggravating factors;
(4)     Type, dosage, effectiveness, and side effects of any medication;

(5)     Treatment, other than medication, for relief of pain or other symptoms;
(6)     Other measures taken to relieve pain or other symptoms;
(7)     Other factors concerning functional limitations due to pain or other symptoms.

*See* 20 C.F.R. § 404.1529(c)(3). "Because the ALJ is in the best position to determine a witness's truthfulness and forthrightness . . . a court will not overturn an ALJ's credibility determination unless it is 'patently wrong.'" *Shideler v. Astrue*, 688 F.3d 306, 310-11 (7th Cir. 2012) (quotation marks omitted) (quoting *Skarbek v. Barnhart*, 390 F.3d 500, 504-05 (7th Cir. 2004)); *see also Prochaska*, 454 F.3d at 738. Nevertheless, "an ALJ must adequately explain his credibility finding by discussing specific reasons supported by the record." *Pepper v. Colvin*, 712 F.3d 351, 367 (7th Cir. 2013) (citing *Terry v. Astrue*, 580 F.3d 471, 477 (7th Cir. 2009)); SSR 96-7p, 1996 WL 374186, at *2 (Jul. 2, 1996) ("The determination or decision must contain specific reasons for the finding on credibility, supported by the evidence in the case record, and must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reasons for that weight.").

Plaintiff argues that the ALJ erred in finding Plaintiff not entirely credible. Because remand is necessary on other grounds and because the new Social Security Ruling will apply on remand, the Court need not determine whether the ALJ's evaluation of Plaintiff's credibility is erroneous. On remand, the ALJ is directed to evaluate Plaintiff's subjective symptoms, including pain.

### D. RFC and Past Relevant Work

Plaintiff argues that the ALJ erred in determining her RFC and in finding her able to perform past relevant work. Because these arguments rely heavily on the credibility, mischaracterization, and cherry-picking issues addressed above and because the Court has already determined that this matter must be remanded, the Court need not repeat those arguments here. On remand, Plaintiff's RFC must

accommodate all of her limitations, including limitations caused by non-severe impairments and caused by the combination of her impairments. As conceded by the Commissioner, the youth care specialist and clerk jobs do not count as past relevant work.

### E. Request for Award of Benefits

Plaintiff asks the Court to reverse and remand for an award of benefits or, in the alternative, for additional proceedings. An award of benefits is appropriate "only if all factual issues involved in the entitlement determination have been resolved and the resulting record supports only one conclusion—that the applicant qualifies for disability benefits." *Allord v. Astrue*, 631 F.3d 411, 415 (7th Cir. 2011). Based on the discussion above, remand, not an immediate award of benefits, is required.

### CONCLUSION

Based on the foregoing, the Court hereby **GRANTS** the relief sought in Plaintiff's Brief in Support of Complaint [DE 16], **REVERSES** the final decision of the Commissioner of Social Security, and **REMANDS** this matter for further proceedings consistent with this Opinion and Order. The Court **DENIES** Plaintiff's request to award benefits.

So ORDERED this 7th day of March, 2018.

s/ Paul R. Cherry
MAGISTRATE JUDGE PAUL R. CHERRY
UNITED STATES DISTRICT COURT

11